1

2

3                                              *E-Filed 5/19/14*

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  WILLIE WEAVER,                          No. C 14-0342 RS (PR)

13          Plaintiff,                      **ORDER DISMISSING COMPLAINT**
                                            **WITH LEAVE TO AMEND**
14      v.

15  WARDEN, et al.,

16          Defendants.
                                    /
17

18                          **INTRODUCTION**

19          This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state

20  prisoner against his jailors at Pelican Bay State Prison.  After reviewing the complaint

21  pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an

22  amended complaint on or before July 1, 2014.

23                           **DISCUSSION**

24  **A.      Standard of Review**

25          A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

26  to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

27  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

28
                                              No. C 14-0342 RS (PR)
                                              ORDER DISMISSING COMPLAINT

**United States District Court**
For the Northern District of California

1  plausibility when the plaintiff pleads factual content that allows the court to draw the

2  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

3  *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions

4  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

5  the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:    (1)

7  that a right secured by the Constitution or laws of the United States was violated, and    (2)

8  that the alleged violation was committed by a person acting under the color of state law. *See*

9  *West v. Atkins*, 487 U.S. 42, 48 (1988).

10 **B.    Legal Claims**

11     The following constitutes plaintiff's entire allegation: "In group today, 1-10-14, I had

12 to lisson [*sic*] to racial comment's [*sic*] about KKK and was called the - n - word,[.]  I have

13 law suit's [*sic*] pending here, that[']s called conflict of interest, the defendants show

14 deliberate indifference under the color of state law." (Compl. at 3.)  Such allegation does not

15 contain sufficient factual matter to state a claim for relief.  First, he has not established

16 liability because he fails to name who (whether inmate or prison staff) made these comments.

17 Second, even if he had named the allegedly offending person, neither disrespectful, insulting,

18 and vulgar language, nor verbal harassment, are actionable under section 1983. *See Freeman*

19 *v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th

20 Cir. 1987).  Third, plaintiff fails to provide any specific details showing what conflict of

21 interest exists, how it implicates his federal rights, or how anyone's conduct has resulted in

22 deliberate indifference.  To state a claim for deliberate indifference, a prisoner-plaintiff must

23 allege specific facts indicating that a prison official knows that a prisoner faces a substantial

24 risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

25 *See Farmer v. Brennan*, 511 U. S. 825, 837 (1994).

26     Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an

27 amended complaint on or before July 1, 2014.  The first amended complaint must include the

28

No. C 14-0342 RS (PR)
ORDER DISMISSING COMPLAINT

2

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  caption and civil case number used in this order (14-0342 RS (PR)) and the words FIRST

2  AMENDED COMPLAINT on the first page.  Because an amended complaint completely

3  replaces the previous complaints, plaintiff must include in his first amended complaint all the

4  claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v.*

5  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from

6  the prior complaint by reference.  Failure to file an amended complaint in accordance with

7  this order will result in dismissal of this action without further notice to plaintiff.

8       It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

9  informed of any change of address by filing a separate paper with the clerk headed "Notice of

10  Change of Address."  He must comply with the Court's orders in a timely fashion or ask for

11  an extension of time to do so.  Failure to comply may result in the dismissal of this action

12  pursuant to Federal Rule of Civil Procedure 41(b).

13       **IT IS SO ORDERED**.

14  DATED:  May 19, 2014

RICHARD SEEBORG
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. C 14-0342 RS (PR)
ORDER DISMISSING COMPLAINT