*E-Filed 6/3/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIE WEAVER, | No. C 14-0342 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| WARDEN GREG LEWIS, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner against his jailors at Pelican Bay State Prison. The original complaint was dismissed with leave to file an amended complaint. Plaintiff's amended complaint fails to correct the deficiencies of the first, and is DISMISSED without prejudice.

## DISCUSSION

**A.   Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

United States District Court
For the Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that he watched two films during "Recreation Group," both of which were recommended by "Recreational E.O.P. Group Leader Mr. Lonely." Plaintiff alleges without elaboration that the first film was "racial." The second, also "racial," contained the "n-word" and references to the KKK. According to plaintiff, defendants' showing such films constituted deliberate indifference.

These allegations fail to state claims for relief. First, plaintiff has not made it clear whether Lonely is a state or private actor. Private actors are not liable under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Second, it appears that plaintiff saw these films voluntarily, rather than being compelled to watch them. Third, his allegations regarding the first film are insufficiently detailed. Fourth, plaintiff alleges that Lonely "recommended" the films, not that he had the sole power to choose films being shown. Fifth, neither disrespectful, insulting, and vulgar language, nor verbal harassment, are actionable under section 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

Accordingly, this civil rights action is DISMISSED without prejudice. Plaintiff may move to reopen the action. Any such motion must contain an amended complaint addressing and curing the serious deficiencies described in this order. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: June 3, 2014

RICHARD SEEBORG
United States District Judge